*506
 
 Allen, J.
 

 For the sake of brevity and clearness, the respective plaintiffs in error will be called the railroad and Cook, and the defendant in error’s decedent will be called Lindahl, throughout the course of this opinion. The plaintiff’s petition alleged three grounds of negligence against the Pennsylvania Railroad Company. These grounds are as follows :
 

 “Plaintiff says that decedent’s death was caused by the joint and combined negligence of the defendants, the Pennsylvania Railroad Company and Ralph Cook, Jr., in this, to wit: That the said Pennsylvania Railroad Company at the time aforesaid was operating said train of cars over said intersection (1)
 
 without having any watchman
 
 to warn the traffic on said Eighth street of the approach of said train; (2)
 
 and without giving any warning
 
 of the approach of said train by whistle, bell, or otherwise, and that said defendant the Pennsylvania Railroad Company after striking said automobile negligently and carelessly (8)
 
 failed to stop
 
 said train in time to have avoided running over and injuring said decedent.”
 

 The railroad claims that the first and second allegations of negligence as to the absence of a watchman and as to the failure to give warning of the approach of the train by bell or otherwise became immaterial and irrelevant since Cook, the driver of the automobile, admits that he saw the train approaching the crossing at a time when he could have avoided the accident, and therefore urges that the court erred in submitting these grounds of negligence to the jury.
 

 If this action had been brought by Cook, the
 

 
 *507
 
 driver of the machine, there would be merit in the contention of the railroad, since it is the general rule that the omission to ring a hell or sound a whistle íit a public crossing becomes immaterial when the plaintiff actually sees the train approaching the crossing in time to avoid the accident, and hence has the knowledge which the ringing of the bell or the warning by the watchman is intended to convey.
 
 Pakalinsky
 
 v.
 
 N. Y. C. & H. R. Rd. Co.,
 
 82 N. Y., 424;
 
 Illinois Cent. R. R. Co.
 
 v.
 
 Dupree,
 
 138 Ky., 459, 128 S. W, 344, 34 L. R. A., (N. S.), 645;
 
 Elliott, Admr.,
 
 v.
 
 N. Y., N. H. & H. R. Co.,
 
 84 Conn., 444, 80 A., 283; 3 Elliott on Railroads (3d Ed.), p. 520.
 

 The cases which uphold this rule in general arise out of actions for personal injury brought by persons who themselves walked across railroad tracks or were themselves drivers of vehicles which drove across the tracks.
 

 Plaintiff in error cites no authority, and we have found none, in support of his contention that this rule should be extended to a plaintiff who, so far as the record reveals, may never have seen the train before the moment he jumped from the automobile, and hence may not have had the knowledge which the ringing of the bell or the warning by the watchman was intended to convey. It is true that the record shows that Cook saw the train before he drove onto the track, and this fact would make the absence of the warning immaterial if Cook were bringing the action; but there is no evidence whatever that Lindahl saw the train when Cook saw it, nor any evidence as to the time at which he first saw the train, nor any evidence that
 
 *508
 
 he saw the train at all. He may only have heard it. The only evidence from which it may even be inferred that Lindahl saw the train is his leap from the automobile.
 

 In view of this fact we cannot say that these specifications of negligence should have been taken from the jury. The question whether or not the failure to give warning or to have a watchman present caused or contributed to the death of Lindahl, under these circumstances, was a question of fact.
 

 Plaintiff in error requested the court, at the conclusion of its general charge, to instruct the jury as follows, “if you find that Ralph Cook actually saw the train moving towards the crossing, then the question of notice or warning becomes immaterial, for notice or warning is intended to bring to a person’s attention that which he does not or cannot observe,” and claims that the refusal of the trial court so to charge constituted reversible error. This contention is disposed of by our holding, made above, to the effect that it is not error for a trial judge to refuse to charge that the question of notice or warning is immaterial if the driver of the automobile actually saw the train moving toward the crossing in a case where the action is brought not by the driver of the automobile, but by an invited guest, who, so far as the record shows, may not have seen the train, if he saw it at all, until the moment of crossing the track.
 

 The railroad also urges that the court erred in submitting to the jury the third ground of negligence as to the failure to stop the train in time to have avoided running over and injuring the de
 
 *509
 
 cedent, and claims that no evidence whatever was submitted to establish this allegation.
 

 We cannot concede that the record discloses no evidence tending to show that the crew' failed to stop the cut of cars as quickly as possible. The evidence is conflicting upon many vital facts of the case. There is evidence in the record to the effect that the train was moving very slowly before it crossed the intersection. There also is evidence .in the record to the effect that both the engineer and the freight conductor saw the automobile approaching the track preparing to cross it. When the engineer first saw the automobile -the cut of cars had not reached the viaduct. The record shows that the train could have been stopped within 15 to 18 feet. There is evidence in the record that the conductor, who stood at the intersection signaling, gave the train no signal to stop until the machine was within 4 or 5 feet of the train and started to go over the track. The conductor states that the automobile made him jump out .of the way to avoid it, and that he gave no signal to the train to stop until about the same time that he jumped out of the way of the automobile. The record is conflicting as to whether the automobile slowed down immediately before crossing the track. Smith, the conductor, who was signaling, said that it stopped. French, the engineer, and Wettig who sat in the machine, the other invited guest with Lindahl, said that it did not slow down. If the automobile did not slow down it was a question of fact for the jury whether the employes of the railroad company were negligent in not stopping the train sooner than they did, since the record tended to show that they had seen the automobile approaching the crossing in time to
 
 *510
 
 have stopped the train before reaching the point of the accident.
 

 Moreover, there is. circumstantial evidence in the record which conflicts with the statement that the train was brought to a stop within from 12% to 15 feet. Hence we cannot say as a matter of law that there was no evidence to justify the jury in concluding that the railroad was negligent in not stopping the train within time to have avoided running over and injuring the decedent.
 

 Since counsel for the railroad company made no request to withdraw this issue from the jury upon the ground that there was no testimony to support it, since more than one issue was submitted to the jury, since the court gave every special charge asked by the railroad company before argument, and since the verdict was general, even though there was no evidence concerning one of the alleged grounds of negligence, submission of this issue would not constitute prejudicial and reversible error.
 
 Ochsner, Admr.,
 
 v.
 
 Cincinnati Traction Co.,
 
 107 Ohio St., 33, 140 N. E., 644.
 

 Ealph Cook, also joined as plaintiff in error, urges that the judgment below should not stand, as he claims that Lindahl had the same opportunity as himself to observe the danger; that Lindahl gave no warning to Cook, that Lindahl did not jump until the ’ automobile was actually upon the trades, and hence was as negligent as Cook, if Cook was negligent.
 

 Lindahl and Cook, however, were in different situations at the time of the accident. Cook was driving the machine, was familiar with the' surroundings, and saw the train before he drove onto the track. Lindahl had no control over the machine
 
 *511
 
 and was unfamiliar with the surroundings, and there is no evidence that he had seen the freight cars, if he saw them at all, until just before he jumped from the automobile when it was actually upon the track.
 

 The argument of Cook amounts to a claim that the negligence of Cook should be imputed to Lindahl; that the negligence of Cook was the negligence of Lindahl. However, the doctrine of imputed negligence does not obtain in Ohio.
 
 Cincinnati Street Ry. Co.
 
 v.
 
 Wright, Adm’r.,
 
 54 Ohio St., 181, 43 N. E., 688, 32 L. R. A., 340;
 
 Toledo Rys. & Light Co.
 
 v.
 
 Mayers,
 
 93 Ohio St., 304, 112 N. E., 1014. Hence, granting that Cook was negligent in driving onto the track when he saw the train ap-^ proaching the crossing, this negligence cannot be imputed to Lindahl.
 

 When Lindahl was confronted with the sudden emergency of finding himself in an automobile crossing a track upon which a train was bearing down, he was required to use only that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances. It was a question of fact whether Lindahl saw the train in time to avoid the accident so far as he was concerned, and used the requisite degree of care, and that question was rightly submitted to the jury.
 

 For the foregoing reasons, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, O. J., Robinson, Jones, Matthias, Day, and Conn, JJ., concur.