No. 113

DOUGLAS v. OLSON CONST. CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 1151. Decided Nov. 2, 1926.

915. **PERSONAL INJURIES—1.** Where person enters a street with knowledge that it is being improved, and workmen are present and excavations are being made, the use of flags, barriers, or other means of warning are obviated by the situation which must have been known to such person when he entered the street; and the Company doing the work on said street did not owe him any duty which was cast upon it and which it failed to discharge when said person falls into an open manhole.

2. Failure to do what ordinarily prudent person would have done under same or similar conditions makes such person guilty of contributory negligence.

First Publication of this Opinion

BY THE COURT.

Tracy Douglas brought an action for damages in the Summit Common Pleas against the Victor Olson Construction Co. to recover for personal injuries sustained in the day time when he fell into an open manhole in the city of Akron. The Company, it seems had a contract with the city for improving a certain street and in carrying out said contract it had uncovered and left open the manhole.

Douglas drove to the street upon which improvements were being made, parked his car on one side and walked across the street to inquire for the foreman on the job. As he was standing there, making the inquiry, some loaded trucks approached the spot and as he stepped back out of the way, he stepped into the manhole, suffering severe injuries.

After counsel for plaintiff related the facts in hi sopening statement to the jury, defendant's attorney made his opening statement and objected to any evidence being offered on the ground that the allegations of the petition together with the opening statement would in no event show a cause of action. This motion was sustained, and the jury directed to return a verdict for the company upon which judgment was entered. Douglas complains that this was error and entitles him to a reversal of the judgment. The Court of Appeals held:

1. If the plaintiff in his opening statement makes a full recitation of the facts upon which the plaintiff's claim is based, and these facts giving them the construction most favorable to the plaintiff, show that if the evidence was submitted to the jury it would not establish a cause of action in favor of the plaintiff, it is the duty of the court to direct a verdict, upon motion of the defendant, in its favor.

2. In arriving at this conclusion, the trial court should not act arbitrarily nor take undue advantage of the plaintiff or his attorney, but full opportunity should be given to the plaintiff to amend his petition or his opening statement, or both, so that he could supply the missing facts, if possible to do so.

3. Plaintiff in this case was given this opportunity to amend his petition and he stated what his amendment would be so that there is presented for consideration, the petition, the opening statement of attorney for plaintiff, and the proposed amendment to the petition.

4. Did the company owe to Douglas a duty, cast upon it by law, which it failed to discharge? There was no liability cast upon the defendant for the injuries received by the plaintiff in view of the fact that Douglas walked upon the street with full knowledge that its improvement was in progress, with workmen present, excavations being made and dirt being thrown upon the street.

5. The use of barriers, flags or other means of warning was obviated by the situation which must have been known to Douglas when he entered the street; and giving his opening statement and his claims the most favorable interpretation, the conclusion reached is that the company did not owe him any duty which it did not discharge. See 111 OS. 502 at p. 507.

6. Assuming there was a legal liability cast upon the Company, was Douglas guilty of contributory negligence?

7. If he had done what an ordinarily prudent person would have done under the same or similar conditions, he would have known the true situation of the ground at the time, and his failure to do so makes him guilty of contributory negligence. 111 OS. 391.

Judgment affirmed.

(Pardee, PJ., Washburn & Funk, JJ., concur.)

Attorneys—E. G. Hammond for Douglas; Rockwell & Grant for Company; all of Akron.