## Steiman, a Minor, *v.* The Cleveland Ry. Co.

*Negligence—Plaintiff in safety zone struck by rear end of street car—Excessive speed and failure to ring gong or stop, immaterial—Doctrine of last clear chance inapplicable, when—Charge to jury—Recovery defeated if front end of car safely passed plaintiff—Error proceedings—Assignments of error unsupported by facts in record, not considered.*

1. In action for injuries to plaintiff, struck by rear end of street car while standing in safety zone, allegations that car did not stop in time to avoid accident, or that car was going at high rate of speed, or failure to ring gong, are not material; there being no allegation that there was any projection on rear of car which might have produced injury.

2. Failure to charge doctrine of last clear chance is not error, where there is no allegation in petition to that effect and none claimed in record.

3. Doctrine of last clear chance does not apply to action for injuries caused by collision between rear end of street car and plaintiff standing in safety zone.

4. Recovery for injuries resulting from collision between rear end of street car and plaintiff standing in safety zone cannot be based on failure of motorman to ring gong, where evidence showed that plaintiff saw street car approaching.

5. In action for injuries to plaintiff when struck by rear end of street car, charge that plaintiff could not recover if front part of street car passed her in safety and she came in contact with it after that, *held* not error, in absence of showing of negligence in construction of car with respect to any projection.

6. Where facts on which assignment of error is based do not appear in record, assignment will not be considered.

(Decided December 20, 1926.)

Error: Court of Appeals for Cuyahoga county.

*Messrs. Squire, Sanders & Dempsey,* for plaintiff in error.

*Messrs. Handrick & Handrick,* for defendant in error.

SULLIVAN, J.   The plaintiff, a minor about 10 years old, through her mother, commenced suit against the Cleveland Railway Company for injuries alleged to have been received from a collision with a passenger car of the company, and the facts seem to be from the record that this minor, together with another little girl, was standing in a safety zone provided for passengers who are about to enter or depart from street cars, and that, while so standing, the street car in question collided with her, after the front part thereof and a considerable portion of the balance had passed by her in safety, when for some reason or other, not appearing by the record in any manner, the collision and injury occurred.

The allegations of the petition, upon which negligence is based, are that the street car did not stop in time to avoid striking the plaintiff, that it was operated at a high rate of-speed, and that the motorman failed to ring his gong to warn prospective passengers.

After the plaintiff rested, a motion to direct a verdict for the defendant was made and overruled, and thereupon the defendant rested, so that all the testimony in the case is that of the plaintiff.

From an examination of the record, we do not think there is any credible evidence of a substantial nature to support the claims of negligence, and this conclusion is based upon the conceded fact that the front of the car passed in safety, so that

the allegation that the car did not stop in time to avoid the accident has no materiality; nor do the other allegations as to the speed of the car and the failure to ring the gong possess materiality, for the reason that some circumstance not appearing by the record happened after the car had partially passed in safety, resulting in the accident. There is no allegation that there was any projection on the car in the rear of the front part which might produce the injury, and of course, to rely upon such a claim, there would have to be credible evidence. Thus we think, so far as the evidence is concerned, that the court committed no error.

Objection is also made to the judgment of the court below on the ground that the court did not charge the doctrine of last clear chance. We do not think that any error was committed in this particular, because there is no allegation in the petition to that effect, and none claimed in the record, and the fact that the car had partially passed in safety shows that even that doctrine would not apply to the facts in the record.

In order to have the doctrine of "last chance" apply, there should be a situation in the record that corresponds to the principle of "last chance" as laid down in *Drown* v. *Northern Ohio Traction Company,* 76 Ohio St., 234, 81 N. E., 326, 10 L. R. A., (N. S.), 421, 118 Am. St. Rep., 844, as follows:

"1. Where both the plaintiff and the defendant were negligent, and the negligence of both directly contributed to produce the injury, the plaintiff has no right to recover; and in such case, when the defendant asks the court to so instruct the jury,

in unambiguous terms, a refusal to so instruct is error. *Pittsburgh, Ft. W. & C. Ry. Co.* v. *Krichbaum's Adm'r.,* 24 Ohio St., 119, and *Timmons* v. *Central Ohio Railroad Co.,* 6 Ohio St., 105, approved and followed.

. ''2. The doctrine of 'last chance,' as formulated in *Railroad Co.* v. *Kassen,* 49 Ohio St., 230, paragraph 1 of the syllabus, does not apply where the plaintiff has been negligent, and his negligence continues, and, concurrently with the negligence of defendant, directly contributes to produce the injury; it applies only where there is negligence of the defendant subsequent to, and not contemporaneous with, negligence by the plaintiff so that the negligence of defendant is clearly the proximate cause of the injury and that of the plaintiff the remote cause.

''3. Since the plaintiff can recover only upon the allegations of his petition, he cannot recover upon negligence which warrants the application of the rule of 'last chance' without alleging it in his petition.''

Therefore we think there is no error in the record with respect to this assignment of error.

As before stated, we do not think the evidence is sufficient to sustain the allegation of an unlawful rate of speed.

With regard to the third specification, that the motorman failed to ring his gong, we find from the evidence that the plaintiff saw the street car approach, and, in view of that fact, we think that the second paragraph of the syllabus in *Pennsylvania Railroad Company* v. *Lindahl, Adm'r.,* 111 Ohio St., 502, 146 N. E., 71, applies:

''In such a case where the testimony tends

to show that the driver of the automobile actually saw the moving train in time to have avoided the accident, but does not show that the invited guest saw the moving train in time to have avoided the accident, it is not error for the court to submit to the jury the question of negligence on the part of the driver of the automobile.''

As to the charge of the court, upon the request of defendant, that the plaintiff could not recover if the front part of the car passed her in safety and she came in contact with it after that, we do not think there is error in it, for the reason that there is no claim in the petition, or fact in the record, which shows specifically any act of negligence on the part of the railway company in the construction of the car with respect to any projection.

As to the assignment of error with respect to misconduct of one of the jurors, we find that the facts upon which the assignment is based do not appear in the record, and therefore a reviewing court is not justified in taking cognizance thereof. Holding these views, the judgment is hereby affirmed.

*Judgment affirmed.*

LEVINE, P. J., and VICKERY, J., concur.