**SIFLING v KARNIK, Admrx, etc**

Ohio Appeals, 9th Dist, Lorain Co

No 665.   Decided Oct 6, 1933

R. H. Rice, Elyria, for plaintiff in error.

Newcomb, Newcomb & Nord, Cleveland, and Fauver & Fauver, Elyria, for defendant in error.

**OPINION**

By WASHBURN, PJ.

The "errors claimed in this court" are set forth in the brief of plaintiff in error as follows:

"First.   The evidence of plaintiff raised the inference that decedent was guilty of contributory negligence, as a matter of law, which inference was not balanced by any other testimony.

"Second.   Any finding that decedent was free from contributory negligence is against the manifest weight of the evidence. Under no possible construction of the evidence can he be found free from lack of ordinary care for his own safety proximately contributing to his death.

"We raised these questions in the trial court by: (1) motion for directed verdict; (2) motion for new trial; and (3) motion for judgment non obstante verdicto."

The accident occurred in the evening, at a street intersection where there was an electric light; and besides the defendant, there was but one witness who saw the accident, and there is very little conflict in the evidence as to how it occurred, but there is a decided dispute as to the inferences to be drawn from the established facts.

The decedent was a pedestrian going easterly on the south side of 12th street, and as he came to the intersection of 12th street with Reid Avenue, which was a through street, a Mr. Cook, who was driv-

ing an automobile easterly on 12th street also came to Reid Avenue. Cook stopped his car and looked to his right along Reid Avenue and saw the lights of the defendant's car approaching the intersection going north on Reid Avenue quite a distance away, and he also noticed said decedent walking easterly on 12th street near the intersection; he then looked to his left and saw no cars approaching from the north on Reid Avenue, but he concluded to wait until the defendant's car passed before entering the intersection, although he thought that the decedent had plenty of time to walk across the street before the defendant's car would reach the intersection. Cook observed the decedent again as he was nearing the center of Reid Avenue, and he then looked north again, and when he looked back he was surprised to see the defendant's car run down decedent when he was within two or three feet of the east curb of Reid Avenue. It was the right front fender of the defendant's car that hit the decedent.

The defendant testified that, although the headlights on his automobile were lighted and there was a street light at said intersection, he did not observe the decedent crossing the street until the instant he hit him.

It is not claimed in the brief that the jury was not justified in finding that defendant was negligent, but it is very strenuously urged that the decedent was also negligent as a matter of law.

We do not agree with that contention.

There is evidence in the record that when the decedent started to cross the street the defendant's car was 500 feet away, and before the defendant's car reached the intersection the decedent had crossed all but three feet of the street.

The decedent had just as much right to cross Reid Avenue as the defendant had to run his automobile along the same, and if the decedent reached Reid Avenue when the defendant's car was so far away that the decedent could cross said street to within three feet of the curb before defendant's car reached the intersection, we know of no law which required the decedent to wait for the defendant's car to pass or which gave to the defendant any superior right to the use of the intersection.

If the decedent, having equal right with the defendant to the use of said intersection, entered upon said intersection when the defendant's automobile was far enough away so that a person of ordinary care would conclude that he could cross the

street in safety if the defendant operated his car with ordinary care and in recognition of his rights, then it cannot be said that the decedent was guilty of negligence as a matter of law in entering upon said intersection.

We can readily see how, in view of the statute applying to the operators of automobiles at an intersection of a main thoroughfare with a secondary road, Cook should hesitate to start his automobile from a standing position on 12th Street and enter the intersection when the defendant's car was approaching the intersection from his right; but under the circumstances presented by this record, we cannot say that said decedent was negligent as a matter of law.

Trentman v Cox, 118 Oh St 247.

On the contrary, it seems to us that the jury was right in finding that the decedent was not negligent in exercising his right to use said intersection at the time and under the circumstances as they existed; certainly such finding is not manifestly against the weight of the evidence, including reasonable inferences to be deduced from the proven facts.

Judgment affirmed.

FUNK and STEVENS, JJ, concur in judgment.