### THOMAS v CSONKA

Ohio Appeals, 9th Dist, Summit Co

No 2361. Decided March 5, 1934

Amer, Sophrin & Cunningham, Akron, for plaintiff in error.

Mottinger, Lengyel & Mills, Akron, for defendant in error.

## OPINION

By STEVENS, J.

The physical facts in connection with the occurrence in question, together with the other evidence, clearly demonstrate that a person of ordinary care and prudence, in the position of plaintiff at the time she started across said street, might reasonably conclude that she had ample time to cross said street in safety, if defendant operated his automobile in a lawful and careful manner.

"If the decedent, having equal right with the defendant to the use of said intersection, entered upon said intersection when the defendant's automobile was far enough away so that a person of ordinary care would conclude that he could cross the street in safety if the defendant operated his car with ordinary care and in recognition of his rights, then it cannot be said that the decedent was guilty of negligence as a matter of law in entering upon said intersection."
**Sifling v Karnik, Admrx., 15 Abs 586, at p. 587.**

The plaintiff, from the record, is not shown to have been guilty of any negligence which proximately contributed to her injury. On the other hand, defendant's conduct, as disclosed by the record, was such that, if an emergency was created, it was of defendant's own making, and created solely by reason of his own negligence in the operation of his automobile, and hence the emergency does not relieve defendant from liability for the consequences of his actions subsequent to his discovery of the emergency.

We have considered all of the errors assigned by defendant, and are unanimously of the opinion that no error, so prejudicial as to warrant a reversal of the judgment, intervened.

We are further of the opinion that the verdict and judgment are not manifestly against the weight of the evidence.

Judgment affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.