## BOENKE v CINCINNATI ST RY CO

Ohio Appeals, 1st Dist, Hamilton Co

No 5114. Decided Dec 7, 1936

Edward M. Ballard, Cincinnati, for appellee.

Lee J. Brumleve, Cincinnati, for appellant.

## OPINION

By TATGENHORST, PJ.

This case is presented on appeal on questions of law from the Court of Common Pleas of Hamilton County.

The petition alleges the appellee, a police officer, was operating an auto patrol on the afternoon of July 20, 1932 southwardly on Plum Street, towards Fourth Street, in the city of Cincinnati, on an emergency call, operating the siren on said auto patrol con- stantly and loudly; that the appellant was operating one of its one-man street cars westwardly on Fourth Street, in charge of a motorman; that as said street car approached Plum Street, a bystander stepped into the street and waved a signal to the motorman to stop for the auto patrol; that said motorman failed to regard the signals of the siren, the signal of the bystander and the approaching auto patrol and continued towards the intersection at a rate of about thirty miles per hour, crossing the intersection, which is in the closely built up portion of the city and in the congested district on the amber light, contrary to the city ordinances, which gives vehicles of the police department the right of way on emergency calls; that the city ordinances provide that street cars should stop upon hearing the alarm, which the said motorman failed to do; that he also failed to stop within the assured clear distance ahead; that he failed to slacken his speed in any degree and ran the street car into the side of the auto patrol, hurling it against a traffic pole, breaking the pole, the patrol auto continuing across the sidewalk against the railing of the building located on the south side of Fourth Street, resulting in severely injuring the appellee.

The appellant admitted the collision, alleging it was not caused through any negligence on its part but that appellee was solely negligent, operating the auto patrol at an unreasonable speed as he approached the intersection and against the red light.

The trial resulted in a verdict and judgment for appellee.

There is a marked difference in the statements of witnesses and other witnesses as to the speed of the street car, the speed of the auto patrol, the blowing of the siren, and the color of the traffic light at the intersection at the time of the collision. The motorman testified that before he reached the intersection he was forced to throw off the power on account of an auto driving in front of him; that he reduced the speed of the car to about six miles per hour; that he subsequently increased the speed of the car; that before entering the intersection he looked to the right, the left, and in front of him, and proceeded across the intersection on the green light at a speed of from fourteen to seventeen miles per hour.

The exhibits and photographs show the patrol auto was struck just in front of the left rear wheel. The front truck of the street car was pushed off the rails by the impact and ploughed through the asphalt for some thirty feet. The auto patrol was

catapulted southwardly across Fourth Street striking an iron pole which was knocked over.

Appellant contends error was committed by the trial court in refusing appellant's special charges; in admitting in evidence certain alleged city ordinances; in misconduct of counsel for appellee; in not granting the motion of appellant for a directed verdict in its favor, and that the verdict is manifestly against the weight of the evidence.

Appellant requested the trial court to give eleven special charges. Six were given, the balance the court refused to give.

The Supreme Court of Ohio in the case of Washington F. N. Ins. Co. v Herbert, 125 Oh St 591, holds that parties to civil actions have the absolute right to have written instructions presented to the jury provided they are a correct statement of the law, pertinent to one or more issues and applicable to evidence adduced in the case.

The trial court gave the following special charges:

"Defendant's Special charge No. 4. The court charges you that, if you find the patrol proceeded against the red or amber light at the intersection of Fourth and Plum Streets at the time of the collision, and you further find that it was being driven at a high and excessive rate of speed that was not reasonable or proper taking into consideration the width of the streets, the traffic on the streets, the location of the buildings, that Fourth Street was a main highway, that Plum Street was an intersecting highway, that the traffic lights were not extinguished, and any and all other circumstances then and there existing, then the driver of the automobile patrol was negligent."

"Defendant's Special charge No. 9. The court charges you that it was the duty of the driver of the auto patrol, in the exercise of ordinary care, to use his faculties of seeing and hearing to ascertain if any street cars were approaching the intersection before going upon the street car tracks in the intersection of Fourth and Plum Streets, and if he failed to exercise ordinary care in such respect he was guilty of negligence."

The following special charges were refused:

"Defendant's Special charge No. 5. The court charges you that it was the duty of the plaintiff, as he was driving the auto patrol upon the streets of the City of Cincinnati at said time and place of this collision, to exercise ordinary care for his own safety; that is to say, that degree of care which ordinarily careful and prudent persons are accustomed to use under the same or similar circumstances, and if you find that he did not exercise such care and that his failure to exercise such care directly contributed in the slightest degree to the cause of his injury, then he can not recover and your verdict must be for the defendant."

"Defendant's Special charge No. 6. The court charges you that vehicles of the police department on emergency runs may proceed against a red or amber light at an intersection only if driven in a careful manner and under full control. This means that a police patrol at such times must be driven in the exercise of ordinary care, and, if you find that under the circumstances in this case said auto patrol was being driven at a rate of speed that was unreasonable under all the circumstances then existing and that the driver of the auto patrol failed to have said vehicle under full control, or if you find that in driving said auto patrol he was doing that which ordinarily prudent persons would not have done under the same or similar circumstances, then said driver of the auto patrol was guilty of negligence."

Appellant contends that these latter charges follow the law laid down in the case of Swoboda v Brown, 129 Oh St 512.

It is our conclusion that while the charges refused may be considered to state correct rules of law, that the charges given substantially incorporate the law sought to be covered in those refused. Those given are strongly adverse to the appellee, while those refused are, to say the least, not so adverse to appellee. When special charges refused are substantially covered by other special charges given, no error prejudicial to the party presenting the charges refused intervenes. Wymer-Harris Construction Co. v Glass, Admrx., 122 Oh St 398. Michalsky v Gaertner, 19 Abs 509. 39 Ohio Jur., p. 1015.

Appellant's special charge No. 8, which was refused, reads as follows:

"The court charges you that, if you find from the evidence in this case that the motorman, while in the exercise of ordinary care, was placed in a position of sudden

emergency on account of the approach of the auto patrol and that while in such position he did or attempted to do what ordinarily prudent persons would have done under the same or similar circumstances, then he was not negligent."

The jury, by its verdict, must have found that the appellant was guilty of negligence, even though the motorman testified he looked to the left and right and in front of him before entering the intersection. This charge failed to consider the duty of the motorman to exercise a proper degree of care to discover the approaching auto patrol before he placed the street car in the position of emergency. **B. & O. Rd. Co. v Heck, 117 Oh St 147, 151.** If any emergency existed, it was predicated upon negligence of the appellant, and would not have existed had the employe of appellant used the proper care required by the circumstances immediately preceding the time of the collision. **Thomas v Csonka, 17 Abs 99. Curtis v Hubbell, 42 Oh Ap 520, 526 (12 Abs 646).** The trial court properly refused the charge.

Appellant's special charge No. 3, which was refused, is as follows:

"The court charges you that, when you deliberate as to whether or not The Cincinnati Street Railway Company, acting through its motorman, was negligent in failing to see the auto patrol approach and in failing to hear an audible signal, if any that was blown by the auto patrol you must test its conduct only by what ordinarily prudent persons would see and hear under the same or similar circumstances in which the motorman was situated. His conduct is therefore to be tested by what ordinarily prudent persons would and should have seen and heard or would have been reasonably able to see and hear while on and operating a street car on Fourth Street at or just preceding this collision and not by what ordinarily prudent persons would see and hear while walking on Fourth Street or Plum Street or seated in a standing automobile, or located in a building with transoms and doors open at or just preceding this collision. Accordingly, if you find that because of the obstruction of the buildings, the presence of parked machines, if any, and the noise made by the street car that is ordinary and incidental to the operation of the street car, ordinarily prudent persons situated in a position similar to that of the motorman would not have

seen or heard the approach of the auto patrol in ample time to have avoided the collision, then the motorman was not negligent in failing to see and hear the approach of said auto patrol before entering upon the intersection."

This charge was properly refused. It singles out certain specific items of testimony to be emphasized and is argumentative. **Krekeler v Cincinnati Traction Co., 16 Oh Ap 125, 128.** To permit the noise of the street car to excuse the hearing of that which otherwise the motorman should have heard is to permit the appellant to escape the effect of one form of dereliction through the pressure of the other. **Cincinnati St. Ry. Co. v Bartsch 50 Oh Ap 464, 468 (19 Abs 623).**

Special charges should not be excessive in length nor should they be to an unreasonable degree repetitions of the same legal propositions. **Packing Co. v Conkle 86 Oh St 117.**

It is asserted that the ordinances of the City of Cincinnati were improperly admitted due to a defective certificate. The language of the certificate was as follows:

"Council of the City of Cincinnati
State of Ohio
Clerk's Office
City of Cincinnati.

"I HEREBY CERTIFY, That the foregoing transcript is correctly copied from the books, papers and journals of the City of Cincinnati, kept under authority and by direction of the Council thereof, §74-103 was a part of the Code of Ordinances of the City of Cincinnati, State of Ohio, and in effect from June 28, 1928 to August 4, 1933.

"IN TESTIMONY WHEREOF, I have hereunto set my name and affixed the seal of the Clerk's office this 27th day of February in the year nineteen hundred and thirty six.

(SEAL) L. B. BLAKEMORE
Clerk of Council.
By Omar S. Cooke Clerk."

There is a presumption of regularity attached to the official acts and records of municipal officers. **17 Ohio Jur., 130, 131.**

**Sec 4235, GC,** provides:

"The printed copies of the by-laws or ordinances of a corporation published under its authority, and transcripts of any

by-laws, resolutions, or ordinances, or of any act or proceeding of a municipal corporation, recorded in any book, or entered on any minutes or journal, kept under the direction of such corporation, and certified by its clerk, shall be received in evidence through the state for any purpose for which the original books, ordinances, minutes, or journals would be received."

It is not asserted that the ordinances were not in force. Objection only is made to the form of the certificate. §11364, GC, provides that in every stage of an action the court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party. We do not find that the record affirmatively shows the intervention of prejudicial error in the admission of the ordinances in question.

Appellant complains of the misconduct, of counsel for the appellee, but this court is of the opinion that there was not such misconduct as would influence the jury in arriving at its verdict.

Much that has been said by this court in the Bartsch case, supra, is applicable here and need not be repeated.

An examination of the entire record causes us to conclude that the parties have been awarded substantial justice, and that no error, prejudicial to the appellant has intervened requiring a reversal of the judgment of the Court of Common Pleas which is hereby affirmed.

ROSS and HAMILTON, JJ, concur.