The judgment of the trial court will be affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and MILLER, J., concur.

SAEGER ET AL., APPELLANTS, *v.* CANTON CITY LINES, INC., APPELLEE, ET AL.

(No. 2218—Decided May 4, 1946.)

*Messrs. Lynch, Day, Lynch, Cope & Ketterer,* for appellants.

*Messrs. Black, McCuskey, Souers & Arbaugh,* for appellee.

MONTGOMERY, J. The plaintiffs, appellants herein, brought an action in the Court of Common Pleas against the defendant Canton City Lines, Inc., appellee herein, and one Ernest Guess for property damage sustained to an automobile belonging to the plaintiff Saeger. In the petition there were various specifications of negligence against both defendants and the claim was made in the petition that the damage sustained by the plaintiff Saeger was caused directly and

proximately by the joint and concurrent negligence of the defendants in the respects set forth.

There was no substantial dispute of facts and no question raised as to the amount of the property damage. The defendant Guess made no defense. The defendant Canton City Lines, Inc., defended chiefly upon the ground that the driver of its bus involved in the collision was confronted with an emergency and did what he could to avoid a collision and did no more than he ought to have done under the circumstances.

The cause was submitted to a jury, which rendered a verdict against both defendants. As to the defendant Guess judgment was rendered on the verdict and it is in full force and effect. The Canton City Lines, Inc., filed a motion for new trial and also filed a motion for judgment notwithstanding the verdict. In the opinion rendered on those motions by the trial judge, he announced that both motions would be sustained. However, there was never any order journalized so far as the motion for new trial was concerned. There was an order journalized granting judgment for the Canton City Lines, Inc., notwithstanding the verdict, and from that judgment of the trial court this appeal was perfected.

As hereinbefore stated, there was no substantial disagreement about the facts. Saeger was proceeding in a northerly direction on Mahoning road in the city of Canton and on his right side of the center of the street. The bus of the defendant company was proceeding southerly on the same street and also to the right of the center of the road. On both sides of the street, cars were parked almost continuously on lines parallel with the curbs. As the bus approached in a southerly direction one of those cars parked along the street pulled out from the west curb, perhaps a

distance of three feet, and, as testified by the witness Bracken, pulled out about three feet and stopped two or three car lengths in front of the approaching bus. To avoid the collision with this car which belonged to Guess, the bus driver swerved his bus to the left, crossing the center of the highway, and there was a collision between the bus and the car of Saeger. From the record we agree with the trial court that from the time the Guess car pulled out and the bus driver was confronted with the emergency, he did all that could reasonably have been expected from him and did what a reasonably prudent driver would have done.

The undisputed testimony is that this happened in the night season on a rainy night, one witness at least testifying that it was raining hard. The pavement was slippery and the street not too well lighted. The evidence is that the bus was traveling anywhere from 25 to 35 miles an hour just prior to the swerving of it. The bus was heavily loaded with passengers, all seats were taken and some of the passengers were standing in the aisle, just back of the railing to the rear of the operator of the bus. The record does not disclose what rate of speed would have been *prima facie* lawful at the point of this collision. The trial court arbitrarily stated that it was 35 miles. Counsel argue that it was 25 miles. There is no evidence upon the subject.

The sole question presented to us, as we view it, is, in view of this evidence, the propriety of rendering a judgment notwithstanding the verdict. Except in one respect, we agree with the trial judge. He had properly submitted this case to the jury under a charge complete in all details covering the specifications of negligence as to which there was any evidence at all. In sustaining the motion, however, he in effect held

that there was no evidence of negligence on the part of the driver of the bus. As we have stated, we find none at the exact time of the collision. There is, in our judgment, evidence of negligence prior to the collision in the matter of speed, as we have above indicated.

Section 6307-21, General Code, provides in part:

"No person shall operate a motor vehicle, trackless trolley or street car in and upon the streets and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway and of any other conditions then existing * * *."

Here it was incumbent upon the driver of this bus to have due regard for the traffic and other conditions then existing, to wit, the character of the night, the condition of the pavement, the lighting situation, the parking of cars along the curbs, and the possibility of a car looming up before the driver, which he could not see in time to avoid a collision, unless his bus was under control and being operated at a speed which would make this reasonably possible. Were not these questions questions for the jury?

The Supreme Court, in the case of *Pennsylvania Rd. Co.* v. *Lindahl, Admr.,* 111 Ohio St., 502, 146 N. E., 71, which was however a crossing case, concludes its opinion with the following statement:

"When Lindahl was confronted with the sudden emergency of finding himself in an automobile crossing a track upon which a train was bearing down, he was required to use only that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances. It was a question of fact whether Lindahl saw the train in time to avoid the accident so far as he was concerned, and used the requisite degree of care, and that question was rightly submitted to the jury."

Counsel for appellants, with considerable propriety, stress the holding in *Boenke* v. *Cincinnati Street Ry. Co.,* 56 Ohio App., 227, 10 N. E. (2d), 232, the second paragraph of the syllabus of which is:

"A special charge to the effect that if a motorman of a street car, after being placed in a position of emergency by the approach of a police auto patrol, did or attempted to do what ordinarily prudent persons would do under similar circumstances, then he was not negligent, is properly refused since it fails to consider the duty of the motorman to exercise a proper degree of care to discover the approaching auto patrol before he placed the street car in the position of emergency."

In 1 Blashfield Cyclopedia of Automobile Law and Practice (Perm. Ed.), 480, Section 669, it is stated:

"The rule of sudden emergency as above stated cannot be invoked by one who has brought that emergency upon himself by his own wrong or who has not used due care to avoid it."

We direct attention to the case of *Montgomery* v. *City of Philadelphia,* 270 Pa., 346, 113 A., 357, the fourth paragraph of the syllabus of which is:

"One is not to be held responsible for an error of judgment, when an accident arises in an attempt to escape from a position of peril; but this rule is subject to the qualification that the one injured must have been placed in the dangerous situation without negligence or fault of his own."

In the case of *Casey* v. *Siciliano,* 310 Pa., 238, 165 A., 1, the first and second paragraphs of the syllabus are:

"1. The sudden emergency rule will not apply if the emergency arises through the prior negligence of him who seeks the protection of the rule.

"2. The question of the prior negligence of him who claims the emergency is usually one for the jury

to determine, under proper instructions.''

The trial court in rendering judgment relied on the two Ohio Supreme Court cases of *Cleveland City Ry. Co.* v. *Osborn,* 66 Ohio St., 45, 63 N. E., 604, and *Cleveland Ry. Co.* v. *Orwig,* 124 Ohio St., 134, 177 N. E., 201. The latter is more nearly in point than the former and there is some similarity between the facts in the *Orwig case* and the facts in the instant case. However, in that case the record failed to disclose any such traffic conditions or objects in the street or along the curb, or any such condition of the weather or whether or not the place of the accident adjoined highly built-up portions of the community, as are shown in the instant case, and is silent as to the hour of the day or night in which the accident happened. We think the facts in the instant case are sufficiently different from the facts in the *Orwig case* to justify us in adhering to the law as hereinbefore stated.

It follows that the judgment of the Court of Common Pleas is reversed and this cause is remanded to that court with instructions to take such action as it may deem best on the pending motion for new trial and to render judgment accordingly.

*Judgment reversed.*

SHERICK, P. J., and PUTNAM, J., concur.