PETERS, APPELLANT, *v.* WEAVER ET AL., APPELLEES.

(No. 4753—Decided February 1, 1954.)

*Messrs. Marshall, Melhorn, Bloch & Belt* and *Mr. W. C. Jacobs,* for appellant.

· *Messrs. Reams, Bretherton & Neipp* and *Messrs. Effler, Eastman, Stichter & Smith,* for appellees.

CONN, J.  The appeal in this case was taken by plaintiff from a judgment entered in the Common Pleas Court on a directed verdict for the defendant, Weaver, at the close of plaintiff's evidence.  From the judgment entered on the verdict, plaintiff appeals on questions of law.

In the second amended petition of plaintiff it is

averred, in substance, that on November 15, 1950, at about 11:15 o'clock a. m., plaintiff was operating a 1948 Chevrolet pick-up truck in a westerly direction on U. S. route No. 24 near the village of Grand Rapids, Ohio, in Lucas County, and approaching the intersection of state highway route No. 581; that plaintiff stopped his truck near the center of U. S. route No. 24 "just short of intersection"; that defendant, at the same time, was operating a loaded truck easterly on U. S. route No. 24 approaching said intersection; and that, while the truck of plaintiff remained stationary, the defendant's truck collided with the front portion thereof with resulting injuries to the plaintiff.

Plaintiff avers that his injuries were proximately caused by the negligence of defendant as follows:

"In proceeding at a speed in excess of thirty-five miles per hour; in failing to maintain a lookout for traffic on said highway; in failing to pass on plaintiff's left; to stop, swerve, or divert the course of his truck, in crossing the center of said highway, and in failing to maintain control of said vehicle in applying 'brakes unevenly and by skidding and swerving to the wrong side of the road."

Defendant in his answer admits that his truck collided with the truck of plaintiff at such time and place, and denies that he was negligent. For a second defense, defendant says the collision was caused by the negligence of plaintiff.

As already stated, the trial court directed a verdict for defendant at the close of plaintiff's evidence. This action of the court is assigned as error. The refusal of the court to permit plaintiff to introduce further testimony after the court stated its intention to direct a verdict for defendant is also assigned as error, but, in view of the conclusion we have reached, this assignment can not be considered as being prejudicial and is not sustained.

It appears from the record that the motion of defendant for a directed verdict was grounded primarily on contributory negligence of plaintiff in coming to a stop without a signal. The evidence is undisputed that the plaintiff, intending to make a left-hand turn in the intersection, brought his panel truck automobile to a complete stop several seconds prior to the collision, at the intersection, near the center of U. S. route No. 24, but north of the dividing line. After plaintiff had stopped, a semi-trailer, approaching from plaintiff's rear, shortly before the collision, "jack-knifed" in the highway onto the southerly lane thereof, turned completely around and came to rest against the guardrail on the northerly side of the highway to the rear of plaintiff's truck. The semi-trailer, however, did not collide with plaintiff's car. Plaintiff gave no signal of his intention to stop or make a left-hand turn, but there is no evidence from which an inference may be drawn that plaintiff's failure to signal proximately caused the semi-trailer to get out of its driver's control, or that plaintiff suddenly stopped in front of the semi-trailer following him. As a matter of fact, plaintiff refrained from making a left-hand turn and remained stationary because he had observed defendant's truck approaching from the opposite direction some 200 to 400 feet away.

In other words, the trial court granted the motion for a directed verdict on the ground that the proximate cause of the collision and resulting injuries to plaintiff was due to the sudden emergency which confronted defendant, to which we direct attention.

In the operation of his motor vehicle on the public highway, defendant owed the duty to plaintiff to exercise ordinary care. The test of ordinary care in a given instance is what a prudent person would have done under the same or similar circumstances. When one, without fault, is confronted with circumstances

of unanticipated and imminent danger or peril, he is not held to the exercise of the same care a prudent person would exercise in the absence of such danger or peril. The rule is concisely stated in the early case of *Pennsylvania Rd. Co.* v. *Snyder,* 55 Ohio St., 342, 45 N. E., 559, 60 Am. St. Rep., 700, in the third paragraph of the syllabus, as follows:

"When a person without his fault is placed in a situation of danger, he is not to be held to the exercise of the same care and circumspection that prudent persons would exercise where no danger is present; nor can it be said that, as matter of law, he is guilty of contributory negligence because he fails to make the most judicious choice between hazards presented, or would have escaped injury if he had chosen differently. The question in such case is not what a careful person would do under ordinary circumstances, but what would he be likely to do, or might reasonably be expected to do in the presence of such existing peril, and is one of fact for the jury."

See, also, *Schultz* v. *Meyerholtz,* 91 Ohio App., 566, 109 N. E. (2d), 35.

In considering the defense of sudden emergency in the instant case, it is pertinent and material to examine the facts and circumstances which caused the alleged emergency. Did it arise exclusively by reason of some untoward act of plaintiff; or the act of some third person; or was it the resultant of operating a heavily loaded truck at considerable speed over the wet surface of the highway, with two or more curves, as it led to the intersection of highway No. 581?

With reference to the conduct of plaintiff, the issue of contributory negligence was raised on defendant's answer, as stated above. However, the evidence shows that defendant observed the motor vehicle of plaintiff 200 feet or more away and concluded he was waiting to make a left-hand turn. As between plaintiff and de-

fendant, it is quite clear that the manner in which plaintiff operated his motor vehicle did not directly create the emergency on which defendant relies.

In respect to defendant and the operator of the semi-trailer, there was a distance of approximately 400 feet, or perhaps substantially more, between them when defendant first observed the semi-trailer cross over the center line and turn around in the highway. Furthermore, under the assured-clear-distance-ahead statute, the semi-trailer should not be operated at a greater speed than will permit the operator to bring it to a stop within the distance between his vehicle and a discernible object in his line of travel on the highway. In this case, the assured clear distance ahead was not cut down by reason of the operation of plaintiff's vehicle and, therefore, there is no basis for a finding of contributory negligence as a matter of law. See *Smiley* v. *Arrow Spring Bed Co.,* 138 Ohio St., 81, 33 N. E. (2d), 3, 133 A. L. R., 960.

Assuming defendant was confronted with a sudden emergency, reasonable minds might differ as to the claim that the movements of the semi-trailer on the highway were the sole, proximate cause of such emergency. The lack of control on this broad road, when defendant applied his brakes, sustains a proximate relationship to speed, wet pavement, road curves, heavily loaded vehicle and lengthy skidmarks. In view of these related facts and circumstances, and some conflict between the testimony given by defendant and his prior statements, inferences arise that defendant was not without fault in the operation of his motor vehicle as it approached the intersection and that reasonable minds might differ on the issues of sudden emergency and proximate cause.

We call attention to the case of *Satterthwaite* v. *Morgan, Jr.,* 141 Ohio St., 447, 48 N. E. (2d), 653, where the defendant set up a defense of sudden emergency in

an action for damages growing out of a collision between two motor vehicles. We quote the second and third paragraphs of the syllabus, to wit:

"2. An operator of a motor vehicle who has failed to comply with a safety statute regulating the operation of motor vehicles may excuse such failure and avoid the legal imputation of negligence arising therefrom by establishing that, without his fault and because of circumstances over which he had no control, compliance with the statute was rendered impossible.

"3. When a defendant offers evidence of facts from which it may be inferred that his violation of such legal requirement was due to the existence of a sudden emergency arising without his fault, the question of his liability in the premises, and of the proximate cause of injury resulting from such violation, are for the jury."

The reported cases disclose that the right of trial by jury is guarded with great care. In view of this solicitude for the right of a litigant to have the jury resolve issues of fact, the trial court may not withdraw a case from the jury where the evidence, when viewed with liberality, and any reasonable inferences therefrom, gives rise to fact issues upon which reasonable minds may differ.

In the instant case, it does not appear that the proximate cause of the collision is exclusively a question of law and it is our opinion that the trial court erred in sustaining defendant's motion for a directed verdict.

The judgment is reversed and the cause remanded for a new trial.

*Judgment reversed.*

Fess and Deeds, JJ., concur.