PALLINI, APPELLEE, *v.* DANKOWSKI, APPELLANT.

[Cite as Pallini v. Dankowski, 17 Ohio St. 2d 51.]

(No. 68-275—Decided March 5, 1969.)

52

*Messrs. Tricarichi & Carnes* and *Mr. Charles S. Tricarichi,* for appellee.

*Messrs. Jamison, Ulrich, Johnson, Burkhalter & Hesser, Mr. Richard O. Horn* and *Mr. William E. Armstrong,* for appellant.

HERBERT, J. The questions now before us are whether the requested special instruction was a correct statement of law, and, if so, whether the instant record contains evidence warranting a special instruction concerning defendant's possible violation of Section 4511.21 of the Revised Code, the assured clear distance statute. See *Lackner* v. *Burns* (1964), 175 Ohio St. 469, *Bradley* v. *Mansfield Rapid Transit, Inc.* (1950), 154 Ohio St. 154, *Washington Fidelity Nat. Ins. Co.* v. *Herbert* (1932), 125 Ohio St. 591. *Cf. Smith* v. *Flesher* (1967), 12 Ohio St. 2d 107.

The pertinent portion of the instruction reads as follows:

"The court instructs you that in determining whether or not the defendant was negligent *in striking the plaintiff with his automobile* as she was attempting to cross the highway, under certain circumstances, negligence arises as a matter of law by reason of the violation of certain specific statutory requirements. *One of the assignments of*

*negligence as set forth in the petition, which has been read to you,* is that the driver of a motor vehicle drove the same at a greater rate of speed than would permit him to bring the vehicle to a stop within the assured clear distance ahead.'' (Emphasis added.)

The remainder of the instruction contains a correct statement of the law relative to assured clear distance.

If evidence had been introduced which would enable reasonable minds to conclude that defendant's automobile struck plaintiff, the question of whether defendant's automobile struck plaintiff or plaintiff ran into the side of defendant's automobile would have been one of fact for the jury. The disputed special instruction assumes that the defendant struck plaintiff with his automobile and, in that regard, was erroneous.

A second error appears in the instruction wherein the jury was to be told that the petition contained an allegation of defendant's violation of the assured-clear-distance-ahead statute. No such allegation appears in the petition. While this latter error could lack efficacy in cases where our recent admonition not to read pleadings to the jury is heeded (see *Cincinnati* v. *Bossert Machine Co.* [1968], 16 Ohio St. 2d 76, 78) in the instant trial the petition had apparently been so read. Under such circumstances, the failure of the petition to include language which the instruction stated it did include could only have confused the jury.

The instruction was erroneous under the facts in the case at bar and should not have been given. *Scott* v. *Hy-Grade Food Products Corp.* (1936), 131 Ohio St. 225, *Sheen* v. *Kubiac* (1936), 131 Ohio St. 52.

It is further contended that the record contains evidence from which the jury could have found that plaintiff was in front of defendant's vehicle at sometime prior to the collision. In our opinion, the record does not support this assertion. However, the additional argument is presented that the interpretation placed by this court upon the assured clear distance statute does not require that the discernible object ever have been actually in front of

the alleged violator in order for the statute's provisions to obtain. Rather, argues the plaintiff, if a moving person or object appears anywhere in a motorist's field of vision at a point sufficiently advanced of his position on the highway to reasonably enable him to stop his vehicle prior to reaching a point of impact with such person or object, then the operator's failure to so stop constitutes a violation of the statute, irrespective of whether such impact occurs as the result of a movement across and at a right angle to his travel. Plaintiff bases this argument upon her belief that the meaning of the word "ahead," as found in the statute and our decisions, is not limited to an area in the direct path of the alleged violator's vehicle.

We cannot agree with plaintiff's analysis of our decisions in this regard. In *Smiley* v. *Arrow Spring Bed Co.* (1941), 138 Ohio St. 81, the second paragraph of the syllabus states:

"To comply with the assured-clear-distance-ahead provision of Section 12603, General Code [Section 4511.21, Revised Code], the driver of a motor vehicle must not operate it at a greater speed than will permit him to bring it to a stop within the distance between his motor vehicle and a discernible object *obstructing* his *path* or *line* of travel, unless such assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance, within such clear distance ahead and into his *path* or *line* of travel, of some *obstruction* which renders him unable, in the exercise of ordinary care, to avoid colliding therewith." (Emphasis added.)

In *Smiley*, Judge Hart chose the word "line" rather than the word "lane" of travel, thereby avoiding possible confusion which could result from the dual meaning of the word "lane." If all traffic lanes were the exact width of the vehicles moving therein, no problem could result. Since such is not the case, however, a discernible object could be within a motorist's traffic lane of travel, but not within his directional line of travel, and the statute would have no application.

Subsequent cases employ the word "lane," but do so under circumstances which clearly show that a motorist's directional line of travel is what was contemplated. For example, see *Erdman* v. *Mestrovich* (1951), 155 Ohio St. 85, wherein this court refers to "an *obstruction* in the motorist's *path* or lane of travel." (Emphasis added.)

In *McFadden* v. *Elmer C. Breuer Transportation Co.* (1952), 156 Ohio St. 430, the word "lane," as used in the first paragraph of the syllabus, must be read in conjunction with the language employed in the second paragraph thereof, as well as the entire discussion in the body of the decision.

The word "ahead," as it appears in Section 4511.21 of the Revised Code, and the word "lane," as it appears in our decisions on the question, mean to the front of, and within the directional line of travel of, a motorist whose conduct is sought to be brought within the rule's application.

The judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and DUNCAN, JJ., concur.