ESHELMAN ET AL., APPELLANTS, *v.* WILSON, APPELLEE.

(No. 88AP-160—Decided December 8, 1988.)

*Paul Scott Co., L.P.A.,* and *Paul Scott,* for appellants.

*Schottenstein, Zox & Dunn* and *Rick E. Marsh,* for appellee.

BOWMAN, J. This matter is before the court on appeal from the Franklin County Court of Common Pleas. Appellants, Katherine L. Eshelman and Dell E. Eshelman, are appealing from a jury verdict, which denied recovery in their personal injury action against appellee, John E. Wilson.

This action arose as the result of an automobile accident. On the morning of January 24, 1984, appellant Katherine L. Eshelman was driving her automobile southbound on North Third Street. As appellant reached the crest of a hill on Third Street, she saw a multiple-car accident at the bottom of the hill. It was snowing and raining that morning, causing the street to be covered with ice. Appellant applied her brakes but was unable to come to a complete stop. At the bottom of the hill she bumped one of the cars already involved in the accident.

A passenger in appellant's car exited the automobile through the passenger door, which was closest to the guardrail at the side of the road. Appellant turned off the ignition in the automobile, exited the driver's side door, and proceeded to walk between her car and the car in front of her toward the guardrail. As she was be-

tween the cars, appellant heard someone yell: "* * * My God, lady, jump. * * *" Appellant ran toward the guardrail, reached it, put one foot over and then the other. In doing so, she slipped on an icy spot and fell causing injury to herself. At the same instant, the car driven by appellee ran into the back of appellant's car. The impact caused appellant's car to hit the car in front of it.

It is for the injuries sustained in this accident that appellants brought their action in the trial court. They now appeal to this court asserting the following assignments of error:

"I. The trial court committed prejudicial error in charging the jury that the appellant was negligent.

"II. The trial court committed reversible error in failing to read to the jury appellants' requested special charge."

Appellants make two assertions in support of their first assignment of error: first, that a presumption of negligence does not arise from the mere fact that a collision occurred and, second, that appellant's negligence in driving was not relevant to the issues in the case. Appellants cite *Pitt* v. *Nichols* (1941), 138 Ohio St. 555, 21 O.O. 441, 37 N.E. 2d 379, for the proposition that a presumption of negligence does not arise from the mere fact that a collision occurred. However, the *Pitt* case cited *Martin* v. *Heintz* (1933), 126 Ohio St. 227, 184 N.E. 852, which stated that where there is affirmative evidence of negligence presented and proven then a presumption may arise.

In this case, the evidence was uncontroverted that appellant's car did make contact with a car that was involved in the collision at the bottom of the hill. It was proven, by affirmative evidence, that appellant did not maintain control of her vehicle. Therefore, a

presumption of negligence could properly arise.

While there was a presumption of negligence, it was not necessarily proper for the trial judge to instruct the jury on the negligent driving of appellant. Appellant argues that it was not proper because her driving was not a relevant issue.

In his instruction, the judge told the jury that both parties were negligent in driving because neither maintained control of his vehicle. The judge further explained that appellant's negligence was only a remote cause of her injury and could not be the proximate cause. After instructing the jury that both parties were negligent in their driving, the court made the following statement which blurred the remote cause and the potential proximate cause of the accident:

"Now, the question arises when Mrs. Eshelman is seated at the bottom of that hill in her car, *does she continue then to act in a negligent manner* or does she, getting out of the car and the actions she took * * *." (Emphasis added.)

A jury instruction, though it states a correct proposition of law, is not proper if it is not applicable and pertinent to an issue in the case. *Pallini* v. *Dankowski* (1969), 17 Ohio St. 2d 51, 46 O.O. 2d 267, 245 N.E. 2d 353; *Sheen* v. *Kubiac* (1936), 131 Ohio St. 52, 5 O.O. 365, 1 N.E. 2d 943. Such an instruction could only cause confusion among the jurors and should not be given. *Pallini, supra.*

The issue in this case was whether appellant acted negligently after her car came to rest among the other cars involved in the accident. That issue would have remained the same regardless of whether appellant hit the car in front of her, as she did, or whether she stopped short of it. The evidence presented was that there was no way around the multi-car accident scene.

Therefore, her negligence in hitting a car had nothing to do with the issue and should not have been mentioned to the jury even as a remote cause.

The trial court did try to clarify the instruction relating to appellant's negligent driving by instructing that it was her actions, after she ended up at the bottom of the hill, that were to be considered in determining whether she used ordinary care. However, in light of the many references to appellant's negligent driving and the blurring of the two separate courses of conduct, this clarifying statement did not correct the error made by the trial court. Appellant's driving was not pertinent to the issue in the case and the confusion caused by the instruction could have only prejudiced appellant.

Appellants' first assignment of error is well-taken.

Appellants requested the court to give the jury a special instruction on the doctrine of imminent peril, the theory being that one is held to a lesser standard of care when trying to escape an imminent peril than when acting under ordinary circumstances. The standard of care in a situation of imminent peril is explained as follows:

"When a person without his fault is placed in a situation of danger, he is not to be held to the exercise of the same care and circumspection that prudent persons would exercise where no danger is present; nor can it be said that, as [a] matter of law, he is guilty of contributory negligence because he fails to make the most judicious choice between hazards presented, or would have escaped injury if he had chosen differently. The question in such [a] case is not what a careful person would do under ordinary circumstances, but what would he be likely to do, or might reasonably be expected to do in the presence of such existing peril, and is one of fact for the jury." *Pennsylvania Railroad Co.* v. *Snyder* (1896), 55 Ohio

St. 342, 45 N.E. 559, paragraph three of the syllabus.

Appellee contends that an instruction on imminent peril was not proper because the excuse of sudden emergency is not available to a party unless that party can establish that the sudden emergency arose without any fault of that party and because of circumstances over which he had no control. See *Satterthwaite* v. *Morgan* (1943), 141 Ohio St. 447, 25 O.O. 581, 48 N.E. 2d 653; *Saeger* v. *Canton City Lines, Inc.* (1946), 78 Ohio App. 211, 33 O.O. 526, 69 N.E. 2d 533; *Peters* v. *Weaver* (1954), 97 Ohio App. 31, 55 O.O. 264, 123 N.E. 2d 658; and *Zehe* v. *Falkner* (1971), 26 Ohio St. 2d 258, 55 O.O. 2d 489, 271 N.E. 2d 276. Appellee argues that it was the negligence of appellant that placed her in her position of peril and that, as a result, the trial court's failure to give the special instruction was not prejudicial error.

If the negligent driving of appellant could be the proximate cause of her injury in this case, then the position taken by the appellee would be correct. That, however, is not the case. Appellant's negligent driving was only a remote cause and not the proximate cause of her injury. Any negligence on her part which could have contributed to her injury occurred after her car bumped the car in front of her. Nothing in the record suggests that appellant was negligent in exiting her car and walking toward the guardrail where the rest of the people who had been involved in this multi-car accident were congregated, or in jumping over the guardrail to avoid being pinned between two cars. Therefore, the issue of imminent peril should have been put before the jury for their consideration. The court did instruct the jury that the standard of care by which to evaluate the actions of the appellant was the care that a reasonably careful person would use under the *same or similar circumstances*. While this comes close to being a proper instruction, under the circumstances, it was incomplete. We find that the court's instruction on imminent peril was prejudicial to the appellee.

Appellants' second assignment of error is well-taken.

For the foregoing reasons, appellants' first and second assignments of error are sustained. The judgment of the trial court is reversed and this cause is remanded for a new trial with instructions that the jury should not be instructed on the appellant's negligent driving and that the jury should be instructed on the doctrine of imminent peril.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH and McCORMAC, JJ., concur.