HAMMERSCHMIDT, Appellant,

v.

MIGNOGNA, Appellee.

[Cite as *Hammerschmidt v. Mignogna* (1996), 115 Ohio App.3d 276.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70206.

Decided Oct. 15, 1996.

*Levey & Gruhin* and *Arthur E. Dombek*, for appellant.

*Oldham & Dowling, William D. Dowling* and *Martin R. Hulthen*, for appellee.

JAMES M. PORTER, Presiding Judge.

Plaintiff-appellant Nicholas Hammerschmidt appeals from a jury verdict and judgment in the sum of $10,000 in favor of plaintiff against defendant-appellee Jean Mignogna arising out of an automobile accident. Plaintiff contends that the court erred in failing to charge the jury on permanency of plaintiff's injuries and future damages. Presumably, plaintiff claims that the verdict would have been larger had such an instruction been given. We find no error and affirm.[1]

Plaintiff filed suit in Cuyahoga County Court of Common Pleas, claiming that the alleged injuries to his neck and left arm, including an aggravation of a cervical disc condition, were the result of two automobile accidents occurring on March 22 and August 27, 1993. Plaintiff had previously claimed that this same neck injury was a result of a work-related accident occurring around December 1991. Numerous documents were admitted into evidence relating this neck injury to his workers' compensation injury.

The accident between Hammerschmidt and defendant Jean Mignogna occurred on March 22, 1993 when Mignogna backed her vehicle down a driveway into Hammerschmidt's vehicle when they were both attempting to exit a residential driveway. Hammerschmidt immediately had his car inspected at a body shop, where there was "no noticeable damage."

---

1. Although plaintiff has submitted only a partial transcript, he provided an adequate record, including his testimony, the expert's videotaped testimony, and the trial court's charge in order to permit review. *Baker v. Cuyahoga Cty. Court of Common Pleas* (1989), 61 Ohio App.3d 59, 60, 572 N.E.2d 155, 156. He is required to present only those portions of the record necessary to demonstrate the error. *Tyrrell v. Invest. Assoc.* (1984), 16 Ohio App.3d 47, 50, 16 OBR 50, 53–54, 474 N.E.2d 621, 625–626.

The accident of August 27, 1993 involving Hammerschmidt and Denise Farkis was a serious collision, which occurred when Farkis failed to yield when making a left-hand turn in front of plaintiff. Notwithstanding the force of the impact, Hammerschmidt testified that he did not sustain any aggravation of his neck as a result of that accident.

The case was set and reset for trial many times. On September 22, 1995, plaintiff submitted a trial brief and requested that "standard charges from Ohio Jury Instructions regarding negligence and damages including permanency be given." The jury trial commenced on January 2, 1996. Following the close of evidence and the court's charge, Hammerschmidt's attorney orally requested the court to instruct the jury as to permanency of the condition and future medical expenses for surgery. The court refused to do so, which is the key issue on this appeal.

The evidence presented on the issue of plaintiff's injuries came from Dr. Teresa Ruch, a board-certified neurosurgeon, who testified via videotape deposition.

Dr. Ruch first saw plaintiff in December 1991 for cervical radiculopathy, which caused weakness and numbness in his left arm. He was having pain in his neck and left arm from his duties as a nurse when he lifted patients. Dr. Ruch recommended conservative treatment (traction and physical therapy), which alleviated the conditions for which plaintiff attempted to receive workers' compensation benefits, except for some numbness in the tip of his left index finger.

Following the first accident with Mignoga on March 22, 1993, Dr. Ruch treated plaintiff again for the same cervical condition exacerbated by the accident. "The whole problem had come up again," she stated in her deposition. The conservative treatment of the past afforded no relief, and the doctor opined that surgery was called for. That surgery would have cost $10,932 for the doctor's services alone, and plaintiff would not be able to drive or move his neck for six weeks. Plaintiff did not agree to have the surgery.

Dr. Ruch saw plaintiff again on September 3, 1993, following the second accident. He had suffered a recurrence of the previous symptoms related to the cervical condition plus a badly bruised left shoulder.

The doctor concluded that the first accident was the cause of defendant's continuing problems; the second accident temporarily exacerbated the previous condition, but soon reverted to the condition prevailing after the first accident. Dr. Ruch's prognosis was that Hammerschmidt "either has to live with it the way it is, live with the pain and the weakness or have surgery to relieve the symptoms." Dr. Ruch conceded that her office had previously related the same neck injury to the work-related injury of December 1991. Also, Dr. Ruch testified that after surgery "with some physical therapy he would be able to

regain some of his strength and perhaps the numbness would go away." Though plaintiff indicated he wanted to have the surgery, there was no testimony as to when or whether the surgery would take place. Plaintiff claimed he could not afford to take off time from work or pay for the surgery. Plaintiff failed to present any evidence as to the severity or duration of any alleged future pain and suffering. The court refused to instruct on permanency and future medical expenses requested by plaintiff's counsel.

Although the jury returned a verdict in favor of Hammerschmidt against Jean Mignogna in the amount of $10,000 for the first accident, and against codefendant Denise Farkis in the amount of $9,000 for the second accident, Hammerschmidt appealed only the $10,000 judgment rendered against Mignogna.

Plaintiff's sole assignment of error states as follows:

"The trial court erred in failing to charge the jury with instructions on permanency of the injury and future damages."

The issue presented is whether the plaintiff presented sufficient evidence to warrant an instruction on a claim for future damages and medical expenses.

 The claim of reversible error in a court's failure to submit a requested charge is subject to the requirements that it must be a correct statement of the law and applicable to an issue raised by the evidence in the case. *Pallini v. Dankowski* (1969), 17 Ohio St.2d 51, 55, 46 O.O.2d 267, 269, 245 N.E.2d 353, 356; *Griffin v. Lamberjack* (1994), 96 Ohio App.3d 257, 267, 644 N.E.2d 1087, 1093–1094; *Eshelman v. Wilson* (1988), 55 Ohio App.3d 16, 18, 561 N.E.2d 1044, 1045–1046; *Hardiman v. Zep Mfg. Co.* (1984), 14 Ohio App.3d 222, 225, 14 OBR 250, 252–253, 470 N.E.2d 941, 945–946. Furthermore, the omission of the instruction must be prejudicial to the substantial rights of the party proffering it. *Smith v. Flesher* (1967), 12 Ohio St.2d 107, 41 O.O.2d 412, 233 N.E.2d 137, paragraph two of syllabus; *Luong v. Schultz* (1994), 97 Ohio App.3d 472, 476, 646 N.E.2d 1164, 1166–1167; *Jaworowski v. Med. Radiation Consultants* (1991), 71 Ohio App.3d 320, 327, 594 N.E.2d 9, 13–14.

██ This court in *Patton v. Cleveland* (1994), 95 Ohio App.3d 21, 30, 641 N.E.2d 1126, 1131–1132, has held that damages for future pain and suffering and/or permanent injury should not be considered by the jury without appropriate supporting evidence:

"A jury instruction can not be given regarding future pain and suffering unless there is some evidence from which the jury could find that pain and suffering were reasonably certain to occur in the future. *Pennsylvania Co. v. Files* (1901), 65 Ohio St. 403, 62 N.E. 1047; *Day v. Gulley* (1963), 175 Ohio St. 83, 23 O.O.2d 382, 191 N.E.2d 732; *Roberts v. Mut. Mfg. & Supply Co.* (1984), 16 Ohio App.3d

324, 16 OBR 355, 475 N.E.2d 797. For a subjective injury (as opposed to an objective injury such as loss of a limb, which is obviously permanent) there must be expert evidence as to future pain and suffering. *Day* and *Roberts, supra.*" See, also, *Corwin v. St. Anthony Med. Ctr.* (1992), 80 Ohio App.3d 836, 841, 610 N.E.2d 1155, 1157–1158; *Cusumano v. Pepsi–Cola Bottling Co.* (1967), 9 Ohio App.2d 105, 120, 38 O.O.2d 132, 142, 223 N.E.2d 477, 487.

■ Plaintiff's expert and treating physician, Dr. Ruch, testified as follows:

"Q. All right. Doctor, do you have an opinion to a reasonable degree of medical probability as to the prognosis of Mr. Hammerschmidt?

"A. Yes. I think Mr. Hammerschmidt will be disabled and not be able to lift until he does something else about it. He either has to live with it the way it is, live with the pain and the weakness, or have surgery to relieve the symptoms, and hopefully regain some of his strength and perhaps the numbness would go away.

" * * *

"Q. Doctor, it's your testimony today that Mr. Hammerschmidt should have surgery, is that correct?

"A. Yes. I think he would get better if he had surgery."

■ Therefore, plaintiff has failed to show that the injuries he suffered are permanent. Plaintiff's testimony indicated that he would undergo surgery when he could afford it, as surgery would require several months off from work, and the doctor testified that the surgery would hopefully alleviate his symptoms. In awarding prospective damages, juries are confined to those damages reasonably certain to follow from the claimed injury. *Jordan v. Elex, Inc.* (1992), 82 Ohio App.3d 222, 230, 611 N.E.2d 852, 857; *Roberts v. Mut. Mfg. & Supply Co.* (1984), 16 Ohio App.3d 324, 325, 16 OBR 355, 356–357, 475 N.E.2d 797, 799–800. Given the uncertainty of whether plaintiff would eventually have the surgery and the uncertainty of plaintiff's condition after surgery is performed, it was not reasonably certain that there would be permanent damages in the future, and, if so, what they would consist of. The court did not err in refusing to charge on this issue.

■ As it relates to plaintiff's claim for future medical expenses, a jury is likewise not permitted to speculate as to these damages. As noted in *Powell v. Montgomery* (1971), 27 Ohio App.2d 112, 120, 56 O.O.2d 279, 284, 272 N.E.2d 906, 912:

"The mere fact alone that there may be some permanency to the injury is not enough. This court is committed to the proposition that the jury cannot be allowed to speculate or guess in making allowance for future medical expenses;

there must be some data furnished to the jury upon which it might reasonably estimate the amount to be allowed for this item."

Although plaintiff's doctor estimated the cost of the surgery to be $10,932, this did not include expenses of the anesthesiologist or the hospitalization. Plaintiff was further required to set forth not only an amount for the proposed surgery but a specific time frame in which he intended to incur the alleged expense. Without these specifics, the jury would have to speculate as to whether the surgery would in fact occur, when it would occur, and, if it did, how much it would cost. Plaintiff stated that he would have the surgery when he could afford it, as the surgery would require him to take several months off from work. Over two years had already elapsed from the time of the second accident to the time of the trial without surgical intervention. Evidence of the expenses must be given in terms of probability, not mere possibility. *Gillespie v. Sever* (July 16, 1992), Cuyahoga App. No. 61002, unreported, 1992 WL 166552. As stated above, in awarding prospective damages, juries are confined to those damages reasonably certain to follow from the claimed injury. *Jordan; Roberts, supra.*

We further note that plaintiff cannot have it both ways. In seeking future damages in this case, he had two options: he could have presented evidence that he was going to have the surgery, the expense thereof, when the surgery would take place, the expected results of the surgery, the future pain and suffering, and its expected duration. In the alternative, plaintiff could have stated a legitimate medical reason why he was not obtaining surgical relief and the expected duration of his current level of pain and suffering. Plaintiff did neither and improperly attempted to recover for both the surgical procedure that would relieve his symptoms and an alleged permanency at his current level of pain and suffering. The court was correct in not allowing recovery for such overlapping theories.

Under the totality of the circumstances and this state of the evidence, the trial court properly concluded that plaintiff was not entitled to jury instructions on the issues of permanency or future damages.

Plaintiff's sole assignment of error is overruled.

*Judgment affirmed.*

O'DONNELL and PATTON, JJ., concur.