OPINION
Appellant Richard Cole appeals the decision of the Court of Common Pleas, Stark County, finding Appellee Marc Beallor not liable following a jury trial in a personal injury action. On August 25, 1997, appellant, a self-employed drain cleaning specialist, left the U.S. Post Office on Spangler Street in Canton and proceeded in his 1989 GMC pickup truck to a nearby restaurant called the Coffee Cup. The restaurant is located on Harrisburg Avenue N.E. and was often frequented by appellant on his morning rounds. The parking lot of the Coffee Cup is situated to the right of a traveler heading north on Harrisburg. At that same time on the morning of August 25, 1997, appellee, driving a 1996 Chevrolet Lumina, was coincidentally following appellant's vehicle in a northerly direction, heading for the nearby intersection of Route 62. The two vehicles collided after appellant commenced a right turn into the Coffee Cup parking lot. The Lumina driven by appellee incurred damage to its left front, while appellant's GMC was damaged at its right rear. Additionally, appellant alleged that the crash caused injury to his back. Appellant filed suit against appellee on January 30, 1998. The matter ultimately proceeded to trial on February 16, 1999, lasting almost three days. Stark County Traffic Engineer Ken Mace testified regarding the area where the crash occurred. According to Mace, there is a single lane of fourteen foot width for northbound traffic at the point where the collision occurred. Tr. Vol. I at 45-47. The roadway on the east side of Harrisburg Avenue is curbed with no gutter. Tr. at 47. There are other turn lanes in the area due to the confluence of Harrisburg Avenue, Middlebranch Avenue, 30th Street, and Route 62, but Mace was certain that the northbound lane at the accident site is for one lane of traffic. Tr. Vol. I at 48. Each side presented differing versions of the collision at trial. Essentially, appellee testified that appellant veered to the left near the Coffee Cup, which did not seem abnormal to appellee based on his recollection of left turn lanes further ahead on Harrisburg. Tr. Vol. III at 363. He further indicated that appellant then abruptly cut back to the right toward the Coffee Cup parking lot, suddenly diminishing appellee's lane of travel, forcing appellee to swerve to the right, where he braked but unavoidably ran into appellant's vehicle. In contrast, appellant stated he properly signaled for a right-hand turn and was unexpectedly struck by appellee's vehicle while proceeding into the parking lot. Appellant denied any prior movements toward the left. The jury found in favor of appellee. Appellant timely appealed and herein raises the following two Assignments of Error:
 I. THE TRIAL COURT ERRED, TO THE PREJUDICE OF APPELLANT, WHEN IT INSTRUCTED THE JURY ON THE DOCTRINE OF SUDDEN EMERGENCY OVER THE OBJECTIONS OF THE APPELLANT, SINCE SAID INSTRUCTION WAS MISLEADING, CUMULATIVE, AND TAKEN AS A WHOLE, NOT A CORRECT STATEMENT OF THE LAW.
 II. THE TRIAL COURT ERRED, TO THE PREJUDICE OF APPELLANT, WHEN IT INSTRUCTED THE JURY ON THE REQUIREMENTS FOR SIGNALING, TURNING, AND MOVING LEFT OR RIGHT, OVER THE OBJECTIONS OF THE APPELLANT, SINCE SAID INSTRUCTION WAS MISLEADING AND IRRELEVANT.
 I.
In his First Assignment of Error, appellant contends that the jury instructions on the doctrine of sudden emergency were misleading and cumulative, and thereby constituted error. Our standard of review is articulated by the Ohio Supreme Court in Becker v. Lake Cty. Mem. Hosp. West (1990), 53 Ohio St.3d 202: "A jury charge must be considered as a whole and a reviewing court must determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights. * * *" Id. at 208. The trial court rendered the following instructions pertaining to this assignment of error: A driver must not operate a vehicle at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead. The assured clear distance ahead is the distance between the vehicle he is operating and a reasonably discernible object in his path of travel. It constantly changes and is measured at any moment by the distance between the driver and any reasonably discernible object ahead of him in his path of travel. A discernible object is a reasonably visible object. An object is discernible when it is visible or can be detected or perceived. Where there is a curve in the highway, the assured clear distance is that distance between the driver of a vehicle and the point where his vision ends or is cut off. In that event, the driver must drive at such a speed that he can stop within the distance between him and the point where his vision ends. If the vehicle ahead in the same lane of travel stops suddenly, this does not excuse the driver to the rear from maintaining an assured clear distance sufficient to stop and avoid hitting the vehicle ahead. If you find that a driver's assured clear distance ahead was suddenly cut down by the entrance of the plaintiff into his path or lane of travel and within such assured clear distance ahead, then the assured clear distance law does not apply. If you find that the assured clear distance rule applies and was violated, then you must find the driver was negligent. Tr. Vol. III at 441-443.
* * *
The defendant claims that if he is found to have failed to comply with any statutory requirements, such failure was not negligence because he was faced with a sudden emergency. An operator of a motor vehicle who was faced with a sudden emergency. An operator of a motor vehicle who fails to comply with a safety statute is excused from such failure to comply with the statute, and he avoids the legal effect of negligence arising therefrom, by establishing by the greater weight of the evidence that, without fault on his part, and because of circumstances over which he had no control, he was confronted by a sudden and unforeseeable emergency which made compliance with such statute impossible. If you find that these conditions existed, the defendant is excused from a violation of such statute.
If you find that the defendant was excused from complying with the statute because of a sudden emergency, he is still required to use ordinary care under the circumstances. Ordinary care is such care as a reasonably careful prudent reasonable careful person would use under the same or similar circumstances. You will consider the danger, confusion and excitement of the situation, and along with the other facts, you will decide whether the defendant used ordinary care. Tr. Vol. III at 444-445. We first turn to an analysis of the doctrines of sudden entrance and sudden emergency. The first doctrine is discussed in Erdman v. Mestrovich (1951),155 Ohio St. 85, as follows: Violation of the assured-clear-distance-ahead rule consists of the operation of a motor vehicle at a greater speed than will permit the operator thereof to bring it to a stop within the assured clear distance ahead, unless such assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance within such clear distance and into his path or lane of travel of an obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith.
Id. at 85-86. Our research indicates a paucity of other reported Ohio cases utilizing the specific term "sudden entrance." See, e.g., Tenhunfeld v. Parkway Taxi Co. (1957), 105 Ohio App. 425; Scott v. Marshall (1951), 90 Ohio App. 347; Morrin v. Bond (1950),87 Ohio App. 357. However, the Supreme Court later used the Erdman sudden entrance language in reference to the sudden emergency doctrine in Shinaver v. Szymanski (1984), 14 Ohio St.3d 51: Plaintiff argues that the "sudden emergency" exception should apply here, excusing him from compliance with the assured-clear-distance-ahead requirement. *** This exception states that a driver does not violate the statute where the assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance into his path of an obstruction which renders him unable, in the exercise of reasonable care, to avoid a collision.
Id. at 54.
In Linton v. Tomazic (May 27, 1992), Lorain App. No. 91CA005170, unreported, the Ninth District Court of Appeals lumped the two doctrines together, using the label "sudden emergency/sudden entrance exception." Id. at 4. Nonetheless, other cases suggest a more expanded definition of sudden emergency than unanticipated lane obstruction: "In a negligence action, the so-called "emergency doctrine" applies only where there was a sudden and unexpected occurrence of a transitory nature which demanded immediate action without time for reflection or deliberation * * *." Miller v. McAllister (1959), 169 Ohio St. 487, paragraph six of the syllabus. Accordingly, the doctrine of sudden emergency is applicable to a situation where a defendant driver suffers a heart attack and loses control of the vehicle. Fitas v. Estate of Baldridge (1995), 102 Ohio App.3d 365, 369. The sudden emergency doctrine is also applicable in non-traffic tort actions, such as a suit for a negligent shooting. See Heidbreder v. Northampton Twp. Trustees (1979), 64 Ohio App.2d 95. We are thus compelled that the sudden entrance doctrine is a more specific form of the broader doctrine of sudden emergency, and that the two are not necessarily duplicative. In that light, we consider the trial court's rendition of jury instructions on these defenses. In determining the appropriateness of jury instructions, we review the instructions as a whole. Wozniak v. Wozniak (1993), 90 Ohio App.3d 400,410. If the jury instructions, in their entirety, fairly and correctly state the law applicable to the evidence presented, reversible error will not be found merely on the possibility that the jury may have been misled. Ohio Farmers' Ins. Co. v. Cochran (1922), 104 Ohio St. 427. "* * * The mere fact that a legal proposition is repeated in an instruction is not ground for reversal, provided it is correct in itself, unless it appears that the party complaining was prejudiced thereby, or that such repetition was unnecessary and was made by way of emphasis or for the purpose of influencing the decision of the jury." Billie v. Mutchler (September 30, 1994), Columbiana App. No. 93-C-04, unreported, at 3, citing 89 Ohio Jurisprudence 3d 388-390, Trial, Sec. 308. The decision to repeat jury instructions is within the trial court's discretion. State v. Carver (1972), 30 Ohio St.2d 280,289. Viewing the instructions in their entirety, we find that the trial court correctly stated the law applicable to the evidence presented. Appellee's portrayal of the collision suggests that appellant's actions in turning into the coffee shop, causing appellee to swerve to the right, into the parking lot entrance area where they collided, created what could reasonably be labeled as an overlapping sudden entrance and sudden emergency condition. However, we are disinclined to hold that issuing both instructions resulted in prejudice as a matter of law. Absent further jury interrogatories, nothing in the record supports the allegation that the instructions, even if considered repetitive, inherently misled or improperly influenced the jury. Appellant's First Assignment of Error is overruled.
 II.
In his Second Assignment of Error, appellant asserts that the trial court erred by instructing the jury on signaling and turning requirements, as they were misleading and irrelevant to the case sub judice. We disagree. The trial court rendered the following instructions, which both sides agree were correct statements of the law: The driver of a vehicle must not move right or left on a highway until he has used ordinary care to make sure that the movement can be made with reasonable safety. He must also give a proper signal. The driver of a vehicle must give a continuous signal at least 100 feet prior to making his turn or move so as to clearly show to the following traffic his intention to make such turn or movement. A failure to give such signal is negligence. Tr. Vol. III at 444.
Appellant cites Eshelman v. Wilson (1988), 55 Ohio App.3d 16, in support of his position. In Eshelman, the appellant was presumptively negligent in striking a vehicle in front of her (itself already part of a multi-vehicle winter collision), but was injured soon thereafter while hastening to jump out of the path of a third vehicle, driven by the appellee, John Wilson. The appellate court found error in jury instructions referencing appellant's initial negligence, as the real issue " *** was whether appellant acted negligently after her car came to rest among the other cars involved in the accident." Id. at 18. We therefore find appellant's reliance on the cited authority misplaced. In the case sub judice, there is not found the "two separate courses of conduct" so critical in Eshelman. See Eshelman at 18. Appellee herein testified that he could not recall whether he saw appellant's brakelights or taillights, in comparison to appellant's averments that he did use his signal. As such testimony, and the credibility thereof, would clearly weigh in the jury's determination of negligence, we are persuaded that the cited instructions correctly stated the law applicable to the evidence. Ohio Farmers' Ins., supra. The charge to the jury was not prejudicial to the rights of appellant. Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Edwards, J., concur.